**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4330**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIDNEY DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  J. Michelle Childs, District Judge.  (5:16-cr-00162-JMC-1)

Submitted:  October 30, 2017                                Decided:  December 1, 2017

Before GREGORY, Chief Judge, and TRAXLER and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sidney Davis pled guilty without a plea agreement to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and possession of a stolen firearm, 18 U.S.C. § 922(j) (2012). Davis' Guidelines range was 15-21 months. At sentencing, the district court granted the United States' motion for an upward variance and sentenced Davis to concurrent 45-month terms. Davis appeals, claiming that his sentence is unreasonable.

I

"[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 350 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.*; *see United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). We first decide whether the district court correctly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 575-76; *see United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

With respect to the explanation of the sentence, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *Id.* (internal quotation marks omitted); *see Gall*, 552 U.S. at 50. While the

2

"individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case and [be] adequate to permit meaningful appellate review." *Carter*, 564 F.3d at 330 (internal quotation marks omitted).

If we determine that a sentence is free of significant procedural error, we then consider the substantive reasonableness of the sentence. *Lynn*, 592 F.3d at 575. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2012).

## II

We conclude that Davis' sentence is procedurally and substantively reasonable. The district court sufficiently explained its reasons for imposing a sentence above the Guidelines range. The court was chiefly concerned about a child's accidental death resulting from Davis' negligence regarding the gun. The record reflects that Davis was frequently visited by neighborhood children. One two-year-old child discovered Davis' loaded gun in a bedroom and fatally shot himself. Additionally, the court concluded that Davis' criminal history score did not adequately reflect his criminal history.

Davis makes a number of specific complaints regarding sentencing. He asserts that the district court did not make clear whether it was departing or varying from the Guidelines range. While it is true that the court mentioned both "departure" and "variance" throughout sentencing, it is, for purposes of our review, inconsequential whether the sentence was a departure or a variance because "the practical effects of

3

applying either a departure or a variance are the same." *United States v. Diosdado-Star*, 630 F.3d at 365.

Davis claims that the district court "failed to provide an analysis for an increase in criminal history above the maximum level." We find no support in the sentencing transcript for a claim that the court moved across and/or down the Sentencing Table to find a Guidelines range that included a 45-month sentence. Rather, the court explained why it found that the Guidelines range of 15-21 months was too low, granted the motion for a variance, and explained its reasons for imposing what it concluded was an appropriate sentence.

Finally, Davis contends that <u>U.S. Sentencing Guidelines</u> § 5K2.0(a)(2) (2016) was inapplicable and the district court did not adequately explain why it varied based on this Guideline. A sentencing court may depart upward under USSG § 5K2.0 "in the exceptional case" if an aggravating circumstance is not specifically "identified in the [G]uidelines, but . . . is relevant to determining the appropriate sentence." USSG § 5K2.0(a)(2) (B).

The Guidelines do not take into account the death of a child resulting from the negligent possession of a firearm; accordingly, we conclude that a variance under § 5K2.0(a)(2) was appropriate. Further, the court made clear at sentencing that it considered a variance proper under both that Guideline and 18 U.S.C. § 3553(a) (2012). Given the child's death resulting from Davis' negligence, we find that the variance was also reasonable in light of relevant statutory sentencing factors. *See United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008).

4

## III

We accordingly hold that Davis' arguments are without merit and that his sentence is procedurally and substantively reasonable.  Accordingly, we affirm.  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*